# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIA JOAN JULIETTE WALKER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 20-2193**<br>**C/W: 20-3425; 21-47**<br>**REF: 20-2193; 20-3425** |
| **JESSECA F. DUPART, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court in this consolidated case is plaintiff Kai Joan Juliette Walker's ("Walker") *ex parte* motion[1] for default judgment as to defendant Shayna Solochek ("Solochek"), who has yet to appear in this matter. Solochek's co-defendants, Jesseca F. Dupart ("Dupart") and Kaleidoscope Hair Products, L.L.C. ("Kaleidoscope"), oppose the motion.[2]

The Clerk of Court previously issued preliminary entries of default against Solochek—in both Case Nos. 20-2193 and 20-3425.[3] For the reasons stated below, the Court concludes that those were in error, as neither Walker (the plaintiff in Case No. 20-2193) nor Kirk Anthony Bovie ("Bovie") (the plaintiff in Case No. 20-3425) have met their burden to prove that Solochek was properly served. Therefore, the Court will rescind the preliminary entries of default previously issued against

---

[1] R. Doc. No. 130. Unless otherwise noted, all docket entries referenced herein refer to the master docket, Case No. 20-2193.
[2] R. Doc. Nos. 131 & 136.
[3] R. Doc. Nos. 42 & 137.

Solochek; rescinding those entries means that Walker's present motion for default judgment is not properly before it, so the Court denies it.

I.

"In the absence of a valid service of process, proceedings against a party are void." *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). And "a district court may not enter judgment against a party who is not properly before it." *Id.* at 436. "The party responsible for serving process has the burden of showing the service was valid or that good cause existed for its failure to serve process properly." *Ganpat v. E. Pac. Shipping, PTE. LTD.*, 434 F. Supp. 3d 441, 461 (E.D. La. 2020) (Morgan, J.), *reconsideration denied*, No. 18-13556, 2020 WL 1046336 (E.D. La. Mar. 4, 2020). Accordingly, unless the plaintiff shows that the defendant was properly served, "a district court lacks jurisdiction over a defendant"—rendering any default judgment entered as to that defendant "void" and requiring it to be set aside. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).

Rule 4(e)(1) provides that service may be made, *inter alia*, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. Proc. 4(e)(1). The plaintiffs here claim to have properly served Solochek under Louisiana's long-arm statute. *See* La. Rev. Stat. § 13:3204.

That statute provides, in relevant part, that service of an out-of-state party by mail or commercial courier is proper if the pleading is "sent by counsel for the plaintiff

. . . to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier." *Id.* § 13:3204(A). The statute further defines "commercial courier" as "any foreign or domestic business entity having as its primary purpose the delivery of letters and parcels of any type, and which: (1) Acquires a *signed receipt* from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery. (2) Has no direct or indirect interest in the outcome of the matter to which the letter or parcel concerns." *Id.* § 13:3204(D) (emphasis added).

As for personal service of an out-of-state defendant: personal service may be made "by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction." *Id.* § 13:3204(A).

Where there is no doubt as to the correctness of a non-resident defendant's address, and service was "sent" to that address by certified or registered mail, service is effective against that defendant under the statute. *See Matt v. Culpepper*, No. 14-1464, 2014 WL 5816930, at *2–3 (E.D. La. Nov. 7, 2014) (Fallon, J.); *McFarland v. Dippel*, 756 So. 2d 618, 622 (La. App. 1st Cir. 2000) ("[A]ll that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person."); *Decca Leasing Corp. v. Torres,* 465 So. 2d 910 (La. Ct. App. 3d Cir. 1985) ("[T]he law is clear

that a defendant may not be allowed to defeat valid service by merely refusing to accept the letter containing the citation.").

However, service is not proper under Louisiana's long-arm statute where the defendant "did not live at the . . . address when service was attempted." *White v. Lonestar Dedicated, LLC*, No. 19-1724, 2019 WL 3822256, at *4 (E.D. La. Aug. 15, 2019) (Barbier, J.). Unless the record reflects that the plaintiff took "steps to confirm that the address was still correct at the time service was attempted," the court will not assume that the plaintiff directed service to the proper address. *Id.* Nor will the Court assume that the defendant "actively refused to accept service." *Id.*

## II.

Walker attempted to serve Solochek on multiple occasions. In the present motion for default judgment, she cites R. Doc. Nos. 10, 11, 14, and 37—docket entries of summons returned unexecuted or affidavits of service completed by the paralegal of Walker's prior counsel—stating that she "eventually obtained service."[4] The Court analyzes each attempt in turn.

*R. Doc. Nos. 10 & 11: Affidavit of George Folds*

Attached to the first and second unexecuted summons filed in the record was an affidavit by George Folds ("Folds"), a process server hired by Walker.[5] Therein,

---

[4] R. Doc. No. 130, at 2 ¶ 2.
[5] Although Walker filed two unexecuted summons, R. Doc. Nos. 10 & 11, the two documents appear to be the same, with the second including a page of the affidavit that was missing from the first. *See* R. Doc. No. 10-1, at 1–2 (omitting paragraphs three through eight); R. Doc. No. 11-1, at 2 (including the previously missing paragraphs). The remainder of the affidavits are identical. Therefore, the Court treats R. Doc. No. 10 as having been errantly filed and cites to R. Doc. No. 11 instead.

4

Folds states that, "[o]n or about August 7, 2020 at approximately 12:27 p.m.[,] I attempted to serve Shaynah Solochek at 664 11th Street, NW, Atlanta, Georgia 30318, an address provided by counsel for the Plaintiff understood to be the address for a business owned and operated by Shaynah Solochek."[6] After arriving at the address, Folds called "a phone number[7] provided by Plaintiff's counsel to inquire if Ms. Solochek was at the location and advise that I had legal papers to be presented to her."[8] Solochek "asked what they were about," and Folds responded that he "did not read them" and he was "just hired to serve her with those documents."[9]

Solochek responded that if Folds "would not tell her what they were about, she would not accept them."[10] Folds replied that "she had the obligation to accept the documents" and that they "appeared to involve an incident that occurred in Louisiana."[11] Folds then stated that Solochek "hand[ed] the phone to an unknown male."[12] Folds explained that he was a process server, had documents addressed to Solochek, and offered to bring them to the address.[13] The "unknown male then stated, 'don't fucking come over here, it will not go well for you.'"[14] Folds asked for the man's

---

[6] R. Doc. No. 11-1, at 2 ¶ 4.
[7] There is no indication that the phone number was associated with that address.
[8] *Id.* at 2 ¶ 5.
[9] *Id.* at 2 ¶ 7.
[10] *Id.* at 2 ¶ 8.
[11] *Id.* at 3 ¶¶ 9–10.
[12] *Id.* at 3 ¶ 11.
[13] *Id.* at 3 ¶¶ 12–14.
[14] *Id.* at 3 ¶ 15.

5

name, and he responded that "you don't need to fucking know."[15] After a short back-and-forth, the conversation ended.[16]

The affidavit then states that, on August 13, 2020, Folds' wife (another process server) visited the same business address that Folds visited on August 7.[17] The wife "spoke to some of the occupants of the building and there was no one there by the name of Solochek or [any] business called Royal Hair, LLC."[18] The affidavit concludes by saying that, "[b]ased on the prior threats from the unknown male," Folds and his wife "believe it would be dangerous to attempt service on Ms. Solochek at her home address, 6841 Blantyre, Stone Mountain, Georgia 30087 or the address listed by the Georgia Secretary of State for Royal Hair, LLC[,] 2075 Pineview Trail, Ellenwood[,] Georgia 30294, where she is listed as a Registered Agent for that business."[19]

Without additional argument as to whether this attempt at service was sufficient under Louisiana law, the Court cannot conclude that it constitutes proper service. Walker does not address the adequacy of service in her motion for default judgment, relying instead on an implicit argument that Solochek refused service through her telephone conversation with Folds.[20] She offers no argument, however,

---

[15] *Id.* at 3 ¶ 16.
[16] *Id.* at 3–4 ¶¶ 17–19.
[17] *Id.* at 4 ¶ 22.
[18] *Id.* at 4 ¶ 23.
[19] *Id.* at 5 ¶ 24.
[20] R. Doc. No. 130-1, at 1 ("[D]efendant Shaynah Solochek has actual knowledge of the pendency of this current lawsuit through a telephone conversation with the process server in August 2020[.]" (citing R. Doc. No. 11-1)).

6

explaining how that is sufficient to excuse service. Walker has failed to carry her burden; the Court cannot conclude on this record that Solochek was properly served.

*R. Doc. No. 14: Stephanie Liaci's Affidavit of Service*

The next relevant filing is an affidavit of service by Stephanie Liaci ("Liaci"), a paralegal to Walker's former counsel.[21] Liaci summarized Folds' August 7 service attempt and represented that Solochek "stated *she will refuse service*."[22] She provides no new evidence to support that claim, however—as she attached only a copy of Folds' previous affidavit.[23] This, for the reasons described above, is insufficient.

Liaci then stated that, "[o]n August 7, 2020, it is reported defendant Ms. Shaynah Solochek called the plaintiff, Ms. Kai Walker[,] asking why she was being served with a lawsuit."[24] Liaci did not attach an affidavit of anyone claiming to have personal knowledge of this conversation, nor did she provide any other evidence to substantiate this claim. Without more support—factually and legally—this is insufficient to support excusing proper service.

Liaci then stated that, on August 18, 2020, a certified copy of the summons and complaint was sent "via commercial carrier UPS with adult signature required using the 2075 Pineview Trail Address [sic] Ellenwood[,] GA 30294 as being a proper address to receive service, as this is the same address Ms. Solochek listed under oath in 2020 with the Georgia Secretary of State listed in her capacity as agent for service

---

[21] R. Doc. No. 14.
[22] *Id.* at 2 ¶ 1 (emphasis in original).
[23] R. Doc. No. 14-1.
[24] R. Doc. No. 14, at 2 ¶ 2.

7

of process for her company Royal Hair, LLC. The UPS package was refused, addressee unknown."[25] Liaci attached copies of a record from the Georgia Secretary of State, bearing Solochek's name as the registered agent of Royal Hair LLC, her address as registered agent, and the office's address.[26] She also attached a UPS delivery notice.[27] Although Liaci characterized the UPS delivery as having been "refused," the actual shipping label said only "RETURN TO SHIPPER" and "REASON FOR RETURN: COMPANY OR PERSON UNKNOWN, NOT DELIVERED."[28] The UPS tracking record also stated that "[t]he company or receiver name is incorrect."[29]

This service attempt was insufficient for two reasons: first, Solochek's signature was not obtained, a requirement for commercial courier service under the long-arm statute. *See* La. Rev. Stat. § 13:3204(D)(1) (requiring, for commercial courier service, a "signed receipt from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery"). Second, there is no record from UPS stating that Solochek *actually* refused the package. Rather, the UPS records suggest that Walker has the wrong address—the "company or person" was "unknown."

Liaci then stated that, on August 24, 2020, Walker sent the summons and complaint via "United States mail service certified, adult signature required for delivery, properly addressed and postage prepaid to Shaynah Solochek[,] using the address she listed with the Georgia Secretary of State in her capacity as 2020 agent

---

[25] *Id.* at 2 ¶ 3.
[26] R. Doc. No. 14-2, at 1.
[27] R. Doc. No. 14-3.
[28] *Id.* at 1.
[29] *Id.* at 3.

8

for service for Royal Hair LLC. The registered mail service was refused, and the addressee was reported unknown."[30] However, the U.S. Postal Service ("USPS") record attached thereto stated only "RETURN TO SENDER," "ATTEMPTED – NOT KNOWN," and "UNABLE TO FORWARD."[31]

As explained above, the long-arm statute does not require proof of receipt by signature when service is made via certified or registered USPS mail and there is no doubt as to the correctness of the address. *Matt*, 2014 WL 5816930, at *2–3. However, if there is doubt about whether the address is correct, service by USPS certified or registered mail is not effective. *See id.*; *White*, 2019 WL 3822256, at *4.

There is doubt here. That doubt is created by the failed UPS deliveries, and by Folds' own affidavit, which stated that, after arriving at Royal Hair's business address, those present stated that "there was no one there by the name of Solochek or [any] business called Royal Hair, LLC."[32] That casts doubt on whether Solochek is actually connected to the addresses that she provided to the Georgia Secretary of State—enough doubt to conclude that Walker has failed to carry her burden to show that she mailed the documents to Solochek's most current and correct addresses.

Moreover, Walker has provided no briefing or argument as to whether she may rely solely on the Secretary of State's records to obtain Solochek's address. She appears to argue that those records are conclusive proof of Solochek's correct and most current addresses. Without adequate briefing as to whether relying on such

---

[30] R. Doc. No. 14, at 3 ¶ 4.
[31] R. Doc. No. 14-4, at 4.
[32] R. Doc. No. 11-1, at 4 ¶ 23.

9

records is legally sufficient, the Court will not assume that the addresses used by Walker were Solochek's correct and most current addresses.

*R. Doc. No. 37: Stephanie Liaci's Second Affidavit of Service*

The last filing to which Walker refers is Liaci's second affidavit of service.[33] That affidavit states that, on October 21, 2020, Walker sent a copy of the summons and complaint via UPS to "Ms. Solochecks [sic] 2075 Pineview Trail[,] Ellenwood[,] GA 30294 address."[34] She then asserts that this "is a confirmed residential address. This is the same address Ms. Solochek has listed in her 2020 filings with the Georgia Secretary of State in her capacity as agent to receive notices for her company Royal Hair, LLC."[35] The affidavit states that the documents "were confirmed delivered on October 22, 2020."[36]

But the "Proof of Delivery" record from UPS does not state that Solochek provided a signature for the package—under the heading "Received By," it says only "DRIVER RELEASE."[37] The record suggests that nobody signed for it—stating instead that the package was "Left At Front Door."[38] Without a signature, this attempt is likewise ineffective—as commercial courier service, again, requires proof of signature. *See* La. Rev. Stat. § 13:3204(D)(1).

---

[33] R. Doc. No. 37.
[34] *Id.* at 1 ¶ 1.
[35] *Id.* at 2 ¶ 3.
[36] *Id.* at 1 ¶ 2.
[37] R. Doc. No. 37-5, at 1.
[38] *Id.*

10

Because Walker has not carried her burden to show service was properly effected against Solochek, the Court will rescind the preliminary entries of default, as ordered below, and denies Walker's pending motion for default judgment.

### III.

Because a preliminary entry of default was issued against Solochek in the Bovie lawsuit,[39] the Court sought to assure itself of the sufficiency of service there too. However, the Court is not satisfied that Bovie properly served Solochek, so it rescinds the preliminary entry of default against her in the Bovie lawsuit as well.

Like some of Walker's attempts at service, Bovie attempted to serve Solochek by UPS, but he failed to produce Solochek's signature of receipt.[40] The UPS proof of delivery, under the heading "Received By," states only "DRIVER RELEASE."[41] As discussed at length above, this is insufficient under Louisiana's long-arm statute. *See* La. Rev. Stat. § 13:3204(D)(1). This was the only attempt at service relied upon by Bovie in his motion for entry of preliminary default; because this attempt was ineffective, the Court will rescind the entry[42] of preliminary default against Solochek.

### IV.

Both Bovie and Walker have failed to carry their burden to show that they properly served Solochek. Therefore,

---

[39] R. Doc. No. 137.
[40] R. Doc. No. 135-1, at 1
[41] *Id.* at 8.
[42] *See* R. Doc. No. 137.

**IT IS ORDERED** that the Clerk of Court **RESCIND** the entries[43] of preliminary default issued against Solochek in the Walker and Bovie lawsuits, as the Court concludes that the plaintiffs have failed to carry their burden to prove that service was properly made against Solochek in each case.

**IT IS FURTHER ORDERED** that Walker's pending motion[44] for default judgment is **DENIED**.

New Orleans, Louisiana, July 12, 2021.

*[signature]*

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[43] R. Doc. Nos. 42 & 137.
[44] R. Doc. No. 130.