UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIA JOAN JULIETTE WALKER, ET AL.** | CIVIL ACTION |
| VERSUS | No. 20-2193<br>C/W: 20-3425<br>REF: 20-3425 |
| **JESSECA F. DUPART, ET AL.** | SECTION I |

## ORDER & REASONS

Before the Court is a motion[1] for summary judgment, filed by defendant Kaleidoscope Hair Products, L.L.C. ("Kaleidoscope"), with respect to the claims of plaintiff, Kirk A. Bovie, Jr. ("Bovie"). Bovie opposes the motion.[2] For the following reasons, the Court denies Kaleidoscope's motion.

### I.  BACKGROUND

This case arose out of the tragic death of Andie Alexandra Bovie ("Andie"), the four-year-old child of Bovie and Kia Joan Juliette Walker ("Walker"), on September 5, 2019.[3] On August 5, 2020, Walker, individually and in her capacity as the representative of the succession of Andie, sued the defendants for wrongful death and survival damages resulting from Andie's death.[4] On December 18, 2020, Bovie filed a similar claim for wrongful death and survival damages against the defendants.[5]

---

[1] R. Doc. No. 209 (motion); R. Doc. No. 237 (reply memorandum).
[2] R. Doc. No. 228.
[3] R. Doc. No. 209-1, at 3; R. Doc. No. 228-1, at 3.
[4] R. Doc. No. 1.
[5] Case No. 20-3425, R. Doc. No. 1, at 1 (introductory text).

On July 27, 2015, Andie was born in Jefferson Parish, Louisiana.[6] Bovie is listed as Andie's father on her birth certificate, but Bovie and Walker were never married, and they never lived together.[7]

In June 2017, Bovie left Louisiana and planned to spend a few months with Akira, his oldest daughter from a prior relationship, who lived in Colorado.[8] On or about September 2017, while in Colorado, Bovie was arrested for theft.[9] Bovie maintains that he had a flight booked to return to Louisiana, and that his arrest caused him to miss his return flight.[10] Following his arrest, Bovie posted bond, and he was released.[11] Bovie was ultimately convicted and sentenced to probation with a requirement that he wear a GPS monitoring device.[12]

---

[6] R. Doc. No. 228-3, at 14. The Court recounts these facts in the light most favorable to Bovie based on the evidence presented in connection with Kaleidoscope's motion for summary judgment. *See, e.g.*, R. Doc. No. 209-1; R. Doc. No. 228-1; *see also Alliance for Good Gov't v. Coalition for Better Gov't*, 901 F.3d 498, 505 (5th Cir. 2018) ("[The court] must view the evidence in the light most favorable to the non-moving party, drawing all justifiable inferences in the non-movant's favor."). With respect to the instant motion, the parties do not discuss Kaleidoscope's connection to this case, but Bovie generally alleges that a Kaleidoscope employee, Shaynah Solochek, was negligent in failing to supervise Andie and that Solochek's negligence resulted in Andie's drowning. *See, e.g.*, Case No. 20-3425, R. Doc. No. 1, at 2–3, 5–6.
[7] R. Doc. No. 228-3, at 15.
[8] *Id.* at 126.
[9] *Id.* at 34.
[10] *Id.* at 126–127.
[11] *Id.* at 39.
[12] *Id.* at 34, 36. Bovie claims that he was unable to leave Colorado during the term of his probation. *See, e.g., id.* at 108. However, Bovie concedes that he never asked his probation officer if he could leave Colorado prior to his request to return to Louisiana to attend Andie's funeral service, which the probation officer allowed. *Id.* at 62, 109.

Bovie did not physically visit with Andie during the last two years of her life.[13] However, between June 2017 and September 2019, Bovie sent support payments of approximately $1,200.00 to Walker, which included money to pay for a daycare service.[14] Further, Bovie used the telephone application FaceTime to communicate with Andie,[15] and Bovie invited Walker to send Andie to stay with Bovie in Colorado, but Walker declined Bovie's invitation.[16] Bovie also purchased birthday presents for Andie, including a bike, a scooter, and a helmet in 2018, and clothing in 2019.[17]

Kaleidoscope filed a previous motion[18] to dismiss, raising the issue that Bovie abandoned Andie. The Court converted that filing into a motion for summary judgment after notifying the parties of the Court's intent to convert the motion and inviting the parties to submit supplemental materials.[19] The Court denied summary judgment without prejudice to Kaleidoscope's ability to re-urge the motion at a later date.[20] Although the Court acknowledged that the evidence in the record "may suggest that Bovie is a poor father," the evidence presented was not enough, in itself, for the Court to conclude that Bovie demonstrated an intention to permanently avoid his parental responsibilities.[21]

---

[13] *Id.* at 103.
[14] *Id.* at 55, 59, 78, 113.
[15] *Id.* at 59, 62.
[16] *Id.* at 89; R. Doc. No. 228-5, at 1.
[17] *Id.* at 103–104.
[18] R. Doc. No. 82.
[19] R. Doc. No. 149, at 1–2.
[20] *Id.* at 19.
[21] *Id.* at 18 (citing La. Civ. Code art. 3506).

Following a period of discovery, Kaleidoscope now argues again that Bovie is not entitled to recovery because he abandoned Andie.[22] Bovie opposes by offering his deposition testimony,[23] an affidavit that he signed,[24] and other documentary evidence.[25]

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

---

[22] R. Doc. No. 82, at 6–7; R. Doc. No. 73, at 4–6.
[23] R. Doc. No. 228-3.
[24] R. Doc. No. 228-2.
[25] R. Doc. No. 228-5.

4

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *See Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255.

### III.   LAW & ANALYSIS

Kaleidoscope once again argues that summary judgment is warranted with respect to Bovie's claims because he "abandoned" Andie within the meaning of

5

Louisiana Civil Code articles 2315.1(E) & 2315.2(E).[26] Viewing the evidence in the light most favorable to Bovie, the Court concludes that there remain genuine issues of material fact with respect to whether Bovie abandoned Andie as a matter of law.

Louisiana Civil Code articles 2315.1 and 2315.2 provide survival and wrongful death actions to "[t]he surviving father and mother of the deceased, or either of them if [the deceased] left no spouse or child surviving." La. Civ. Code arts. 2315.1(A)(2) & 2315.2(A)(2). However, both articles also contain an abandonment provision: "a father or mother who has abandoned the deceased during [her] minority is deemed not to have survived [her]." *Id.* arts. 2315.1(E) & 2315.2(E).

The Civil Code further provides "[i]n the context of a father or mother abandoning his child, abandonment is presumed when the father or mother has left his child for a period of at least twelve months and the father or mother has failed to provide for the child's care and support, without just cause, thus demonstrating an intention to permanently avoid parental responsibility." La. Civ. Code art. 3506. Accordingly, to prevail on its motion for summary judgment, Kaleidoscope must show at a minimum that Bovie, without just cause, (1) left Andie for at least twelve months and (2) failed to provide for Andie's care and support. *Dixon v. Garner*, No. 17-564, 2019 WL 1370855, at *12 (M.D. La. Mar. 25, 2019) (discussing La. Civ. Code art. 3506) (U.S. Magistrate Judge's ruling with consent of the parties).

First, Kaleidoscope emphasizes that Bovie admits that he did not see Andie for the last twenty-seven months of her life, *i.e.*, from when Bovie left Louisiana in June

---

[26] R. Doc. No. 209-2, at 7.

2017 until Andie's death in September 2019.[27] Kaleidoscope also stresses that during this time period, Bovie never requested permission from his probation officer to leave Colorado to visit Andie.[28] Second, Kaleidoscope argues that Bovie pursued gainful work while on probation, but he contributed only $1,200.00 in financial support for Andie, and that this sum is miniscule in comparison to his yearly earnings of roughly $40,000.00 to $50,000.00.[29]

In support of its argument that Bovie abandoned Andie during her minority, Kaleidoscope again relies on *Myles ex rel. Myles v. Howell*, which held that a biological father was not entitled to bring a wrongful death or survival action for his child's death where the father "was in prison for the entirety of" his child's life. *Myles ex rel. Myles v. Howell*, 277 So. 3d 1218, 1221 (La. Ct. App. 2d Cir. 2019), *writ denied sub nom. Myles v. Howell*, 280 So. 3d 603 (La. 2019).[30] Ruling against the father, the *Myles* court held that "[i]mprisonment is not an excuse to escape parental obligations." 277 So. 3d at 1223. Based on this case, Kaleidoscope argues that Bovie's

---

[27] R. Doc. No. 209-2, at 7–8; R. Doc. No. 209-4, at 19.
[28] R. Doc. No. 209-2, at 9; R. Doc. No. 209-4, at 14.
[29] R. Doc. No. 209-2, at 10; R. Doc. No. 209-4, at 9–10, 20–21.
[30] The Court discussed *Myles* in its prior order discussing this issue. *See* R. Doc. No. 149, at 15. In *Myles*, the father was never married to the child's mother, and she never brought the child to see the father in prison. 277 So. 3d at 1221. The father testified that he "spoke with his son over the phone about once a week," and that "he was able to maintain contact with his son by exchanging letters" with the mother. *Id.* However, the father "never provided for [the child's] care and support," and "the unrebutted deposition testimony established that [the father] abandoned [the child], triggering the provisions of La. C.C. arts. 2315.1(E) and 2315.2(E)." *Id.*

probation is "not an acceptable justification for his failure to perform his parental duties."[31]

Bovie does not contest that he was physically absent from Andie's life after his departure to Colorado.[32] However, Bovie points to several facts as evidence that he never intended to abandon Andie. Bovie states that when he left Louisiana for Colorado, he intended only to spend a few months with his oldest daughter, Akira, and that he had a return flight scheduled for Louisiana.[33] Further, Bovie states that he communicated with Andie through FaceTime while he lived in Colorado.[34] Bovie also sent payments of approximately $1,200.00 to Walker for the support of Andie, including money to pay for a daycare service.[35] Significantly, Bovie points to a text message exchange in which he asked Walker to let Andie come stay with Bovie in Colorado, but Walker declined.[36] Likewise, Bovie purchased birthday presents for Andie, including a bike, a scooter, and a helmet in 2018, and clothing in 2019.[37]

As in its prior order, the Court again concludes that (1) being physically absent from Andie's life for over two years, and (2) providing only a small amount of money in financial support for Andie during that time may suggest that Bovie is a poor

---

[31] R. Doc. No. 209-2, at 9.
[32] R. Doc. No. 228, at 5.
[33] R. Doc. No. 228, at 4–5; R. Doc. No. 228-3, at 126–127.
[34] R. Doc. No. 228, at 6; R. Doc. No. 228-3, at 60–62.
[35] *Id.* at 55, 59, 78, 113.
[36] R. Doc. No. 228, at 6; R. Doc. No. 228-5, at 1.
[37] *Id.* at 103–104. In more than one instance, Bovie's memorandum places quotation marks around information which is followed by references to Bovie's deposition testimony. *See, e.g.*, R. Doc. No. 228, at 6. However, the information enclosed in quotation marks is not a verbatim reproduction of the deposition transcript. *Id.* The Court cautions counsel to faithfully present items included in the record.

father. However, for the purpose of evaluating Kaleidoscope's motion for summary judgment, the evidence is insufficient to grant such a motion. Notwithstanding any presumption which may or may not be applicable, there remain genuine issues of material fact with respect to whether Bovie intended to abandon Andie pursuant to Louisiana Civil Code articles 2315.1(E) & 2315.2(E).

## IV.   CONCLUSION

For all the foregoing reasons,

**IT IS ORDERED** that Kaleidoscope's motion[38] for summary judgment is **DENIED**.

New Orleans, Louisiana, February 18, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[38] R. Doc. No. 209.